608 So.2d 1058 (1992)
STATE of Louisiana
v.
Henry FORD. (Two Cases)
Nos. KA 91 1302, KA 91 1303.
Court of Appeal of Louisiana, First Circuit.
October 16, 1992.
*1059 Doug Moreau, Dist. Atty. by Jesse Bankston, Asst. Dist. Atty., Baton Rouge, for plaintiff/appellee.
Sam Streeter, Baton Rouge, for defendant/appellant.
Before EDWARDS, SHORTESS and WHIPPLE, JJ.
EDWARDS, Judge.
Defendant was charged by bill of information with armed robbery, a violation of La.R.S. 14:64, and with aggravated burglary, a violation of La.R.S. 14:60. He pled not guilty. After a jury trial, defendant was found guilty as charged of both offenses. Thereafter, the state filed an habitual *1060 offender bill of information as to the armed robbery conviction. After a hearing, defendant was adjudicated a third felony offender. He was sentenced to 75 years at hard labor, without benefit of probation, parole or suspension of sentence for the armed robbery conviction. For the aggravated burglary conviction, defendant was sentenced to 15 years at hard labor, to be served concurrently with the sentence for armed robbery. He now appeals, urging six assignments of error. Assignment of error number two regarding defendant's objection to the introduction of certain state exhibits was expressly abandoned in defendant's brief.

FACTS
At about 8 p.m. on June 16, 1990, as the victim was exiting her car outside her Baton Rouge home, she heard a man say, "[h]old it." The man (later identified as defendant) was holding a gun to the back of her head.[1] Defendant forced her into her home, turned on the lights and asked if anyone else was at home. Although the victim answered "no," defendant forced the victim to walk with him into the other rooms, where he turned on the lights and looked for other persons. Defendant threatened to kill her if she lied about other persons being in the house or about them not returning home. When they returned to the kitchen, defendant asked for money and stole $50 in cash, an address book, and the victim's car keys. Then, he fled the home in the victim's car. Subsequently, the victim called the police.
Two days later, Edmund Brown, a friend of the victim, drove the victim around to look for her stolen car. About twelve blocks away from her home, the victim saw defendant sweeping out the inside of her vehicle. As they drove past the car, defendant spoke to Brown, who was driving. Apparently, defendant did not see the victim until he leaned down and looked into the vehicle. Suddenly, he threw down the broom, entered the stolen car and drove off. The victim recognized defendant as the same man who had robbed and threatened her. The next day, Brown saw the car parked near Prescott Street.
Both the victim and Brown identified defendant in a photo lineup. Brown also identified defendant in an out-of-court physical lineup.
At the trial, defendant presented an alibi defense. His mother testified that he was at her sister-in-law's house in Kenner on June 16. However, she admitted that she did not actually see her son on that day. She denied seeing her son in the victim's vehicle but admitted that in June, 1990, she and her son lived in an apartment complex located on Prescott Street.
Patricia Chaney, defendant's aunt and his mother's sister-in-law, testified that defendant came to her house in Kenner the weekend the offenses occurred. However, because she was at work, Ms. Chaney was not with defendant the night of June 16.
Mayola Palmer, another aunt of defendant, testified that defendant was at her house in River Ridge (near Kenner) on June 16 for a crawfish boil. Defendant arrived at about 3 a.m. that morning and stayed until about 10:30 p.m. He was never out of her sight for more than 30 minutes between 7 p.m. and 10 p.m.

EXPERT TESTIMONY
By means of assignment of error number one, defendant argues that the trial court erred in denying his motion to allow testimony from an expert witness as to the fallibility of eyewitness identification.
In State v. Stucke, 419 So.2d 939, 945 (La.1982), the Louisiana Supreme Court held that the trial court did not abuse its discretion in excluding testimony of defendant's expert witness regarding the quality of an identification. That Court, in addressing the then res nova issue, reasoned as follows:
[T]he prejudicial effect of such testimony outweighs its probative value because of the substantial risk that the potential *1061 persuasive appearance of the expert witness will have a greater influence on the jury than the other evidence presented during the trial. Such testimony invades the province of the jury and usurps its function.
State v. Stucke, 419 So.2d at 945.
Other Louisiana decisions addressing the same issue have relied upon the Stucke decision and found that the trial court did not abuse its discretion in refusing to allow expert testimony on the reliability of eyewitness identification. See State v. Gurley, 565 So.2d 1055, 1057-1058 (La.App. 4th Cir.1990), writ denied, 575 So.2d 386 (La. 1991); State v. Coleman, 486 So.2d 995, 1000 (La.App. 2d Cir.), writ denied, 493 So.2d 634 (La.1986).
In State v. Chapman, 436 So.2d 451, 453 (La.1983), the trial court allowed expert testimony concerning studies which generally reflected the fallibility of eyewitness identification in some circumstances. Although the question of admissibility was not an issue in that case on appeal, the Louisiana Supreme Court, in a footnote, cited Stucke, and discussed Stucke's concurring opinion, which emphasized the trial court's discretion in admitting such evidence, in the interest of justice, when the court determines that the proffered evidence would assist the jury in deciding the question of identity.
The Stucke decision was rendered prior to the enactment of the Louisiana Code of Evidence and repeal, by Acts 1988, No. 515, § 8 of the provisions in La.R.S. 15:464 et seq., regarding expert testimony. Since the trial in the instant case occurred after January 1, 1989, the provisions of the Louisiana Code of Evidence are applicable to the case herein.
La.C.E. art. 403 states:
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.
La.C.E. art. 702 states:
If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.
From our review of the record, we find no abuse of discretion in the trial court's ruling that defendant's expert testimony was inadmissible. The Stucke decision is consistent with the Louisiana Code of Evidence articles regarding expert testimony and is applicable to the instant case. Herein, there was testimony from which the jury could determine the facts based on common knowledge, education and experience. The opinion evidence about the fallibility of human perception and memory in general was not necessary for the jury to resolve the identity issue.
Thus, this assignment of error lacks merit.

JURY CHARGE
In assignment of error number three, defendant contends that the trial court erred in denying his request for a special jury instruction that "statements of eyewitnesses are statements of opinion and belief." At trial, defense counsel indicated that he did not have the requested special charge in writing.
The state and defendant have the right to submit to the trial court special written charges for the jury. La.C.Cr.P. art. 807. It is the duty of the trial court to give the requested jury charge, when it does not require qualification, limitation, or explanation and is not included in the general charge or in another special charge to be given, and if it is wholly correct and pertinent to the case. La.C.Cr.P. art. 807; State v. Richardson, 459 So.2d 31, 36 (La. App. 1st Cir.1984).
Initially, we note that defendant did not comply with La.C.Cr.P. art. 807, which requires that the requested jury charge be in writing. Thus, the trial court was not required to grant defendant's request.
*1062 Furthermore, the record reflects that the trial court properly instructed the jury to consider the witnesses' abilities and opportunities to observe in determining the credibility of testimony relating to identification and weight to be given to such testimony. Defendant's requested special charge was sufficiently included in the general charge given by the court. See State v. Foy, 439 So.2d 433, 436-437 (La.1983); State v. Richardson, 459 So.2d at 36. Moreover, to have given the requested jury charge on the identification issue would have improperly pinpointed this issue out of proportion with others in the case. See State v. Foy, 439 So.2d at 437; See also State v. Mims, 501 So.2d 962, 967 (La.App. 2nd Cir.1987). Thus, the trial court did not err in refusing to give defendant's requested jury charge.
This assignment of error lacks merit.

SUFFICIENCY OF THE EVIDENCE
By means of assignment of error number four, defendant contends that there was insufficient evidence to convict him of the charged offenses. Specifically, he argues that, considering the limitations and fallibility of human memory, it is "dangerous to rely so exclusively on eyewitness identification testimony in establishing identity" and, thus, the evidence was insufficient to support the jury's verdicts.
We note that, in order to challenge a conviction on the basis of insufficiency of the evidence, defendant should have proceeded by way of a motion for a post-verdict judgment of acquittal. See La. C.Cr.P. art. 821; State v. Ross, 572 So.2d 238, 242 (La.App. 1st Cir.1990). Nevertheless, we will consider a claim of insufficiency of the evidence which has been briefed pursuant to a formal assignment of error.
The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the state proved the essential elements of the crime and the defendant's identity as the perpetrator of that crime beyond a reasonable doubt. See La.C.Cr.P. art 821; State v. Gordon, 582 So.2d 285, 291-292 (La.App. 1st Cir.1991). Where the key issue is defendant's identity as a perpetrator, rather than whether or not the offense was committed, the State is required to negate any reasonable probability of misidentification. State v. Royal, 527 So.2d 1083, 1086 (La.App. 1st Cir.), writ denied, 533 So.2d 15 (La.1988).
The only issue in this case is whether or not the offenses were committed by defendant or by another man. Accordingly, defendant's convictions hinged upon a determination of the credibility of the witnesses. As the trier of fact, the jury was free to accept or reject, in whole or in part, the testimony of any witness. Furthermore, where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Gordon, 582 So.2d at 292-293. Although defendant presented witnesses who testified that he was in another town at the time these offenses occurred, the instant guilty verdicts indicate that the jury accepted the testimony of the state's witnesses and rejected the alibi testimony of defendant's witnesses. Further, the testimony of the victim is sufficient to establish the elements of the offense. State v. Blue, 591 So.2d 1173, 1176 (La.App. 1st Cir.1991), writ granted in part on other grounds, 591 So.2d 1172 (La.1992); State v. Racca, 525 So.2d 1229, 1235 (La.App. 1st Cir.1988). On appeal, this court will not assess the credibility of witnesses or reweigh the evidence to overturn a factfinder's determination of guilt. State v. Blue, 591 So.2d at 1176.
After a careful review of the record, we believe that a rational trier of fact, viewing all of the evidence as favorable to the prosecution as any rational factfinder can, could have concluded that the state proved beyond a reasonable doubt that the defendant was guilty of armed robbery and aggravated burglary and that it negated every reasonable probability of misidentification.
This assignment of error lacks merit.

*1063 DOUBLE JEOPARDY
By means of assignment of error number five, defendant argues that his convictions for aggravated burglary and armed robbery violated his right against double jeopardy. He argues that, although the two offenses may not contain identical elements, they involved a transaction consisting of one continuous course of conduct. Additionally, he contends that the evidence used to prove the offense of armed robbery was the same evidence used to prove the required intent element of the crime of aggravated burglary.
A person cannot twice be put in jeopardy for the same offense. U.S. Const. amend. 5; La. Const. art. 1 § 15; La. C.Cr.P. art. 591. The concept of double jeopardy, under both the federal and the state constitutions, embodies the dual purpose of preventing both multiple prosecutions and multiple convictions for a single criminal wrong. State v. Cotten, 438 So.2d 1156, 1160 (La.App. 1st Cir.1983), writ denied, 444 So.2d 606 (La.1984). As a general rule double jeopardy bars separate punishment or subsequent prosecution of lesser included offenses once the defendant is convicted of the greater offense. State v. Cotten, 438 So.2d at 1160.
Louisiana Code of Criminal Procedure article 596 provides that double jeopardy exists in a second trial only when the charge in that trial is: (1) [i]dentical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or (2) [b]ased on a part of a continuous offense for which the defendant was in jeopardy in the first trial.
In Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the United States Supreme Court established the applicable double jeopardy analysis[2] as follows:
The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.
Blockburger v. United States, 284 U.S. at 304, 52 S.Ct. at 182.
Louisiana also applies the "same evidence" test which depends upon the proof required to convict, not the evidence actually introduced at trial. If the evidence necessary to support the second charge would have been sufficient to support the former charge, double jeopardy prohibits the second prosecution. Although recognizing both the Blockburger test and the "same evidence" test, the Louisiana Supreme Court, in recent years has principally relied upon the "same evidence" test when evaluating double jeopardy claims. State v. Miller, 571 So.2d 603, 606 (La.1990).
Herein, the two offenses for which defendant was convicted do not contain identical elements, nor is either offense a lesser included offense of the other. Armed robbery is "the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon." La.R.S. 14:64A. Aggravated burglary, as applicable herein, is the unauthorized entering of any inhabited dwelling with the intent to commit a felony or any theft therein, if the offender is armed with a dangerous weapon or commits a battery upon any person while in such place, or in entering or leaving such place. La.R.S. 14:60; State v. Powers, 344 So.2d 1049, 1052 (La.1977).
*1064 The proof required to convict defendant of the armed robbery consists of proof of a dangerous weapon and of a taking. Aggravated burglary requires entering an inhabited dwelling without consent and with the intent to commit a felony or theft therein. The offender must also be armed with a dangerous weapon or commit a battery during the burglary. Although the offenses contain similar elements, they do not require the same evidence to convict. Armed robbery requires proof of a dangerous weapon. Aggravated burglary requires either use of a dangerous weapon or commission of a battery during the burglary. Aggravated burglary requires evidence to prove entry into an inhabited dwelling without consent; armed robbery does not. Further, the offense of aggravated burglary does not require proof of armed robbery as a lesser included offense.
Thus, we do not find that defendant's convictions for both offenses constituted double jeopardy. This assignment of error lacks merit.

EXCESSIVE SENTENCE
By means of assignment of error number six, defendant contends that the trial court erred when it imposed excessive sentences. He contends that, because his predicate convictions were crimes of a lesser grade than his instant convictions, his punishment was excessive. Defendant further argues that, because the victim was not injured and her stolen vehicle was of modest value, the circumstances of the crimes do not warrant the sentences he received.
Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). However, the trial court has great discretion in imposing a sentence within the statutory limits; and such a sentence will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Latiolais, 563 So.2d 469, 473 (La.App. 1st Cir.1990).
Defendant was sentenced to 15 years at hard labor for the aggravated burglary conviction, to be served concurrently with the sentence imposed for the armed robbery conviction. As to the armed robbery conviction, defendant was adjudicated a third felony habitual offender and was sentenced to 75 years at hard labor, without benefit of probation, parole, or suspension of sentence.
The sentence which may be imposed for a conviction of aggravated burglary is imprisonment at hard labor for "not less than one nor more than thirty years." La.R.S. 14:60. Herein, defendant's sentence for this offense was imprisonment at hard labor for 15 years. This sentence was only one-half of the maximum sentence which may be imposed.
The sentence to which defendant was exposed for his conviction for armed robbery and adjudication as a third felony offender was not less than 66 years nor more than 198 years at hard labor, without benefit of probation, parole, or suspension of sentence. See La.R.S. 14:64B; La.R.S. 15:529.1A(2)(a) and G; La.R.S. 15:574.4A(1). Defendant's sentence of 75 years at hard labor was less than one-half of the maximum which might have been imposed.
In sentencing defendant for the armed robbery conviction, the trial court noted many factors including defendant's numerous arrests and prior convictions. The pre-sentence investigation report indicates that defendant had numerous juvenile arrests. Further, since 1985, defendant was convicted of two counts of simple burglary, purse snatching, and simple battery on a police officer. Defendant committed the purse snatching offense while he was on parole for the simple battery convictions. Additionally, defendant, when interviewed by the probation department after his convictions for the instant offenses, refused to accept guilt. In light of the circumstances of these crimes, including the violence against the victim, defendant's prior criminal history and the trial court's reasons, we find no abuse of discretion.
This assignment of error lacks merit.

ERROR PATENT
After reviewing the record for patent error, we have discovered a patent sentencing *1065 error caused by the trial court's failure to give defendant credit for time served. See La.C.Cr.P. art. 880. Accordingly, we amend the sentences to reflect that defendant is to be given credit for time served prior to execution of his sentences. See La.C.Cr.P. art. 882A. See also State v. Greer, 572 So.2d 1166, 1172 (La.App. 1st Cir.1990). Resentencing is not required. However, we remand the case and order the district court to amend the commitment and the minute entry of the sentencing to reflect that defendant is to be given credit for time served.
CONVICTIONS AND SENTENCES AFFIRMED. REMANDED FOR AMENDMENT OF COMMITMENT AND MINUTE ENTRY OF SENTENCING.
NOTES
[1] As she glanced around, the victim saw another man on the side of the carport. This man did not come into her home. However, he left with defendant in the victim's vehicle.
[2] In Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), the United States Supreme Court expanded the double jeopardy analysis to include the Blockburger test and an additional analysis of the conduct that the state will use at trial to prove the offense which is the subject of the subsequent prosecution.

The applicability of Grady is limited to successive prosecutions; it is not applicable to single prosecutions for multiple offenses in which multiple punishments are imposed, such as here. Grady v. Corbin, 495 U.S. at 514-515, 110 S.Ct. at 2090-2092; United States v. Parker, 960 F.2d 498, 501-502 (5th Cir.1992).