704 So.2d 1281 (1998)
STATE of Louisiana, Appellee,
v.
James Lee HAMMOND, Appellant.
No. 97-712.
Court of Appeal of Louisiana, Third Circuit.
January 7, 1998.
*1282 Charles F. Wagner, District Attorney, Michael Shannon, Assistant District Attorney, for State.
John Michael Lawrence, for James Lee Hammond.
Before COOKS, WOODARD and PICKETT, JJ.
PICKETT, Judge.
On January 3, 1996, Defendant, through the use of the victims' retarded child, made an unauthorized entry into the residence of Willard and Elizabeth Jones. Once inside, Defendant, brandishing a firearm, threatened the inhabitants and, at some point, committed a battery upon Willard Jones. Among Defendant's threats was that he would kill someone if the family did not give him money.
During this time, Mrs. Jones somehow escaped long enough to obtain a pistol and subsequently shot Defendant in his buttocks; Defendant fled the scene, reporting his injury later as having occurred as a result of a drive-by shooting. Sometime later, the Joneses reported the crime and Defendant was arrested.
The Defendant, James Lee Hammond, was charged by bill of information with aggravated burglary, a violation of La.R.S. 14:60, and attempted armed robbery,[1] violations of 14:27 and 14:64. Thereafter, Defendant was tried by jury and unanimously convicted on both counts. On December 6, 1996, the court sentenced Defendant to serve twenty-five (25) years at hard labor for aggravated burglary and forty (40) years at hard labor without benefit of probation, parole, or suspension of sentence for the conviction of attempted armed robbery.
Defendant then filed a timely motion to reconsider sentence (as well as objected to the sentences at sentencing), contending only that his sentences were excessive. After Defendant's motion was denied, he was granted an out-of-time appeal approximately one month later, resulting in the instant matter. Defendant originally alleged eight assignments of error, however, assignments of error numbers one through four and six were expressly abandoned.

*1283 DOUBLE JEOPARDY
Defendant contends that he was twice placed in jeopardy when he was convicted of the crimes of aggravated burglary and attempted armed robbery. Defendant's claim is without merit.
The Fifth Amendment to the Constitution of the United States forbids double jeopardy, i.e., the protection against persons "be[ing] subject for the same offense to be twice put in jeopardy of life and limb." U.S. Const. amend. V. It is now axiomatic that the Double Jeopardy Clause proscribes three distinct unconstitutional applications: subsequent prosecutions for the same offense after acquittal, subsequent prosecutions for the same offense after conviction, and multiple punishments for the same offense.[2] In addition to utilizing Blockburger's "same elements" test, Louisiana utilizes the "same evidence" test articulated in State v. Steele, 387 So.2d 1175 (La.1980).
This court, in State v. Taylor, 95-179 (La.App. 3 Cir. 10/4/95), 663 So.2d 336, reaffirmed its use of both tests and their application:
Louisiana uses both the "Blockburger test" developed in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), as well as the "same evidence test" to determine whether double jeopardy exists. State v. Carouthers, 607 So.2d 1018 (La.App. 3 Cir.1992), sentence vacated, 618 So.2d 880 (La.1993). In State v. Carouthers, 607 So.2d at 1028, the court quotes the rule from Blockburger, 284 U.S. at 304, 52 S.Ct. at 182, as follows:
The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.
The "same evidence test" has been adopted by the Louisiana Supreme Court and was explained in State v. Steele, 387 So.2d 1175, 1177 (La.1980), as follows:
If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial. See State v. Doughty, 379 So.2d 1088 (La.1980), supra.

The "same evidence test" is somewhat broader in concept than Blockburger, the central idea being that one should not be punished (or put in jeopardy) twice for the same course of conduct.
Id. at 338.
Applying this analysis, the first circuit in State v. Ford, 608 So.2d 1058 (La.App. 1 Cir.1992), held that the double jeopardy prohibition is not offended when a defendant is prosecuted for armed robbery and aggravated burglary because the offenses do not contain identical elements and neither offense is a lesser included offense of the other. See State v. Jacobs, 493 So.2d 766 (La.App. 2 Cir.1986).
Recently, the supreme court held that prosecution and conviction for feticide and the killing of the mother is not barred by double jeopardy. State v. Smith, 95-0061 (La.7/2/96), 676 So.2d 1068, rehearing denied. The same reasoning applies in the instant matter. The court emphasized that "legislative intent" is important in resolving cases in which double jeopardy is claimed. The case sub judice is less close a call than the issue in Smith. See contra State v. Powell, 94-1390 (La.App. 1 Cir. 10/6/95), 671 So.2d 493.
Conviction of attempted armed robbery requires proof that the perpetrator attempted to misappropriate the property of another, by use of force or intimidation, while armed with a dangerous weapon. La.R.S. 14:27 and 14:64. Thus, proof that a defendant committed, with specific intent, some act in furtherance of taking another's property by force, *1284 while armed with a dangerous weapon, and while that property was under the victim's immediate control. On the other hand, aggravated burglary requires proof that a defendant, armed with a dangerous weapon, unauthorizedly enters another's dwelling, etc., with felonious intent, and commits a battery upon a person. La.R.S. 14:60.
Thus, aggravated burglary requires proof of unauthorized entry and commission of a battery, both of which are not required to convict for attempted armed robbery. On the other hand, attempted armed robbery requires the intent to commit an act in furtherance of taking another's property by force. Accordingly, both the "same elements" test of Blockburger and the "same evidence" test of Steele allow conviction on both charges.
Put simply, when Defendant broke in with a weapon and felonious intent, he consummated the aggravated burglary; next, Defendant commences an armed robbery, but falls short when he is shot in the buttocks, resulting in an attempted armed robbery.

EXCESSIVE SENTENCE
The assignments alleging the trial court erred in imposing excessive sentences and failing to grant the defendant's motion to reconsider sentence will be addressed together because they encompass interrelated and corresponding questions of law.
The defendant only claimed that his sentences were excessive and that the trial court erred in denying his motion to reconsider his sentence. Accordingly, this court is limited to a "bare bones" review of unconstitutional excessiveness. State v. Mims, 619 So.2d 1059, 1060 (La.1993), appeal after remand, 626 So.2d 856 (La.App. 2 Cir.1993). Although Defendant intimates that sentencing considerations were not articulated, any arguments pursuant to La.Code Crim.P. art. 894.1 are not properly before the court as per Mims.
Defendant was sentenced to serve twenty-five (25) years at hard labor for aggravated burglary and forty (40) years at hard labor without benefit of probation, parole, or suspension of sentence for the conviction of attempted armed robbery. The sentencing range for aggravated burglary is imprisonment at hard labor for not less than one nor more than forty years. Thus, Defendant's sentence on the aggravated burglary charge is a middle-range sentence. The range for attempted armed robbery is imprisonment at hard labor for no less than five years nor more than forty-nine and one-half years; Defendant's forty-year sentence is an upper-range penalty. Defendant faced a total exposure for consecutive sentences of eighty-nine and one-half (89½) years. However, his sentences were ordered to run concurrently for a total of forty (40) years.
The record provides that the sentencing judge considered Defendant's situation, particularizing his sentences as well as considering several factors in aggravation, stating:
In reviewing this particular case, and after having sat through attentatively [sic] the trial with very convincing evidence of guiltand not only guilt, but real aggravating circumstances. The use of a retarded child, the breaking in, the threatening of elderly people, the use of a shotgun for the threats, the physical violence of knocking people down, it just staggers me. I mean that, you know, I put people on probation hoping they'll learn lessonsnot give them an opportunity to scale up their crimes. The pattern that we have of the prior convictions that shows an increase towards violenceto then invade the sanctity of someone's home, you know. I routinely throw out cases because the fourth amendment is near and dear to me. And I tell the police you can't arrest a person because you went into their home and their home is sacred and sacrosanct and a special place. And then to have a person who has already tasted the criminal justice system, who understands what's involved, use a retarded child to invade that home, armed with a shotgun, picking on elderly people for money boggles me. There is always a place for mercy but there's also a place for mercy on the public. I have no say-so in multiple bill or no multiple bill. But aggravated burglariesand for the record, this is not a technical aggravated burglary where somebody broke in a house *1285 and happened to steal a gun or armed themselvesthis is what it was designed for. This is what it was designed to prevent people from coming knocking doors down, forcing entry, armed with weapons, confronting people. The placing of so many people in danger, not to mention the retarded childthe two other elderly coupleinvasion of their home, leaves me very little choice but to impose a very significant sentence. The charges that we have, the convictions ... make sure I get the docket numbers right. You have the file with the minutes? So the attempted armed robbery and the aggravated burglary are in the same charge, okay. While I am citing exact statute [sic] to you, Mr. Hammond, I will tell you during the sentencing phase you have three years from the date your sentence becomes final to seek post conviction relief. If you want another court to review these proceedings on any of the other matters, of course you have whatever appellate rights are reserved to you, as well as the post conviction. But there are certain deadlines and I'm advising you that from the date your sentence becomes final you have three years. On the sentence of the aggravated burglary which the jury in a unanimous decision found you guilty, the Court is gonna impose a sentence of twenty-five years at hard labor with the Department of Corrections. On the sentence of Count 1 in Docket Number 242,576, same docket number, while there would be temptation to do a maximum sentence on that in light of the circumstances that I found presented in the court, I'm not. I'm going to sentence you to forty years with the Department of Corrections, State of Louisiana.
The judge also noted that Defendant had been given an opportunity previously with the court on another "serious" offense,[3] being placed on probation. The judge further noted that Defendant was revoked on that probation.
The standard set forth in State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, although not enunciating new law, expressly constrains the reviewing court from substituting its judgmenteven if better supported by the record (or lack thereof)for that of the trial court. Cook perhaps best demonstrates the recent re-entrenchment regarding the great discretion left to the trial judge in sentencing: "The only relevant question on review, however, was `whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.'" Id. at 959.
The record supports the sentences insofar as excessiveness is concerned, i.e., the record "illumines the sentencing choice." State v. Smith, 430 So.2d 31, 46 (La.1983). Accordingly, Defendant's sentences are not unconstitutionally excessive.
A review of the record reveals an error patent regarding Defendant's sentence. The trial court failed to give Defendant credit for time served, La.Code Crim.P. art. 880. The Defendant must be given credit for time served. La.Code Crim.P. art. 880; State v. Carr, 618 So.2d 1098 (La.App. 1st Cir.1993). Accordingly, Defendant's sentence is amended to award credit for time actually spent in custody, if any, prior to the execution of his sentence. La.Code Crim.P. 882. Resentencing is not required. State v. Procell, 626 So.2d 954 (La.App. 3 Cir.1993). We remand with instructions that the trial court order the amendment of the commitment and the minute entry of the sentencing to reflect that the Defendant be given credit for time served.
For the foregoing reasons, we hereby affirm Defendant's conviction and sentence as amended. This case is remanded to the trial court for further action consistent with this opinion.
AMENDED AND AFFIRMED.
NOTES
[1] Initially, Defendant was charged with armed robbery. This was amended to attempted armed robbery November 12, 1996.
[2] See, e.g., Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); United States v. Halper, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989).
[3] The sentencing judge did not state what the offense was and no PSI is provided in the record. (R.p. 345).