WOODARD, Judge.
On March 17, 1999, the Defendant, Tyrone Dion Easily, sold two rocks of crack cocaine to an undercover police officer in Sabine Parish. The State charged him by bill of information filed on August 6, 1999, with distribution of a controlled dangerous substance, Schedule II (cocaine), in violation of La.R.S. 40:967. He pled not guilty on August 19, 1999. However, pursuant to a plea bargain, he withdrew that plea and plead guilty on October 6, 1999. On De *610 cember 1, 1999, the trial court sentenced him to five years at hard labor without the benefit of probation, parole, or suspension of sentence. Mr. Easily filed a motion to reconsider sentence and a motion for appeal on December 9, 1999. The trial court denied the former motion and granted the latter motion.
LAW
Errors Patent
In accordance with La.Code Crim.P. art. 920(2), all criminal appeals are reviewed for errors patent. After reviewing the record, we find one.
The trial court erroneously informed Mr. Easily that he had three years to file for post-conviction relief. Act 1262 of the 1999 Regular Legislative Session changed the time period for filing post-conviction relief to two years from the date the judgment of conviction and sentence become final. The amendment became effective on August 15, 1999. Since the trial court sentenced him on December 1, 1999, it should have informed him of the new prescriptive period. Accordingly, upon remand, the trial court is instructed to inform him of the two-year prescriptive period, provided for in La. Code Crim.P. art. 930.8, by “sending appropriate written notice to the Defendant within ten days of the rendition of this opinion and to file written proof that the [Defendant received the notice in the record of the proceedings.” [1]
| {.Excessive Sentence
Mr. Easily contends that his sentence for distribution of cocaine is excessive. He received the minimum sentence of five years at hard labor without benefit of probation, parole, or suspension of sentence. La.R.S. 40:967(B)(4)(b) provides the penalty of imprisonment at hard labor for not less than five years nor more than thirty years, with the first five years to be served without benefit of probation, parole, or suspension of sentence.
Mr. Easily benefitted from a plea bargain with the State. In exchange for his guilty plea on this distribution charge, the State dismissed a charge of possession of a controlled dangerous substance, Schedule I (marijuana), second offense, that was billed under a different docket number. On the dismissed charge, he could have been sentenced up to five years, at hard labor, with a $2,000.00 fine.
At sentencing, the trial court noted that twenty-year-old Mr. Easily had a “rather extensive criminal record.” It reviewed his Pre-Sentence Investigation Report, which listed him as a second-felony offender. The report revealed that in 1996, the State convicted him of drug traffic loitering, and the police arrested him in November for possession with intent to distribute, Schedule I, and for drug traffic loitering and resisting an officer in December. In 1997, the State convicted him of possession of a controlled dangerous substance, Schedule I; and in a separate matter, it convicted him of resisting an officer. In 1998, it convicted him of possession of drug paraphernalia. The authorities arrested him in February of 1998 for possession of a controlled dangerous substance, Schedule II, although no disposition was found. In April of 1998, the State convicted him of carnal knowledge of a juvenile, a crime for which he was on probation at the time of the instant offense. In November of 1998, the State charged him with no driver’s license and unnecessary noise. In 1999, it charged him with no seat belt and convicted him on two separate occasions of forbidden entry. And finally, the authorities arrested him in 1999 for possession of marijuana, second offense.
In his reasons for sentencing, the trial court simply stated: “I’ve noted your so-, cial history and your family history, health, *611 education, and religion. I’ve noted the sentencing guidelines under Article 895.1 — Article 894.1.”
|3In the Pre-Sentence Investigation Report, Mr. Easily admitted to frequent marijuana and cocaine use. He spent one month in a substance abuse clinic before being arrested on the instant offense. In brief, he argues that he has not committed any violent crime and that his criminal history is a result of his substance abuse problem. He maintains that the likelihood for his rehabilitation is good with recommended substance abuse treatment. The Pre-Sentence Investigation Report states that he is not eligible for a probated sentence.
Upon review of an alleged excessive sentence, the inquiry is twofold. First, the record must show that the trial court considered the sentencing criteria found in La.Code Crim.P. art. 894.1. The record is clear that it took the important elements required into consideration, when it particularized Mr. Easily’s sentence; namely, his personal history, including his age, family status, marital status, health, employment record, his prior criminal record, the seriousness of the offense, and the likelihood of rehabilitation.[2]
Second, the reviewing court must determine whether the sentence imposed is excessive. Given Mr. Easily’s extensive criminal history, it cannot be said that the imposition of the minimum statutory sentence is excessive; it is not grossly disproportionate to the crime, nor is it a needless imposition of pain and suffering. This assignment of error is without merit.
CONCLUSION
We affirm Mr. Easily’s sentence. We direct the court to inform him that, pursuant to La. Code Crim.P. art. 930.8, he has two years from the date that his judgment and sentence become final to apply for post-conviction relief. This notice shall be in writing and sent to him within ten days
of the rendition of this opinion. Written proof that he received the notice shall be filed into the record of these proceedings.
AFFIRMED WITH INSTRUCTIONS.

. State v. Fontenot, 616 So.2d 1353, 1359 (La.App. 3 Cir.), writ denied, 623 So.2d 1334 (La.1993).

. State v. Jones, 398 So.2d 1049 (La.1981).