JjSAUNDERS, Judge.
Defendant, Allen Lane Isgitt, along with four other defendants, was originally charged with four counts of possession with intent to distribute Schedule I (marijuana), a violation of La.R.S. 40:966, and one count of possession with intent to distribute Schedule II (cocaine), a violation of La.R.S. 40:967, by bill of information signed on December 10, 1999. However, Defendant was arraigned on January 20, 2000, on one count of intent to distribute marijuana, one count of intent to distribute cocaine, one count of conspiracy to distribute marijuana, and one count of conspiracy to distribute cocaine. On July 7, 2000, Defendant and the State entered into an agreement whereby Defendant pled guilty to two counts of distribution of marijuana and to a reduced charge of simple possession of cocaine, and the State dismissed the remaining charges with the recommendation that the sentences imposed by the court for each charge run concurrent with each other. The court ordered a pre-sen-tence investigation, and on September 21, 2000, the court sentenced the Defendant to be confined to the Louisiana Department of Corrections for seven years on each count of distribution of marijuana and for a period of two years on the simple possession of cocaine count. The sentences are to run concurrently, with credit for time served. A Motion to Reconsider Sentence was filed on September 27, 2000. The motion was denied on September 28, 2000, from which this appeal was timely filed.

FACTS

On August 19, 1999, Defendant sold one hundred ten dollars worth of cocaine and fifteen dollars worth of marijuana to an undercover agent. This sale took place at a corner grocery store in Sabine Parish. On August 23, 1999, Defendant sold a small amount of marijuana to the same undercover agent. This sale took place at Defendant’s home. The Defendant stated during an interview for his pre-sentence '| ¡.investigation report that when his room *499 was searched, a mirror was found with a residue of cocaine across the face.

LAW AND ANALYSIS

ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. After reviewing the record, we find that there are no errors patent.
ASSIGNMENTS OF ERROR NOS. 1 & 2
In his assignments of error, Defendant asserts that the trial court erred when it imposed an unduly harsh and excessive sentence and when it denied Defendant’s motion to reconsider sentence. These two issues include interrelated and corresponding questions of law and fact; therefore, they will be disposed of together. State v. Hammond, 97-712 (La.App. 3 Cir. 1/7/98); 704 So.2d 1281, writ denied, 98-0374 (La.6/5/98); 720 So.2d 679.
As the first part of a two-pronged test, the reviewing court, in determining the excessiveness of a sentence, must look to see that the trial court took cognizance of the sentencing guidelines. State v. Easily, 00-141(La.App. 3 Cir. 6/14/00); 769 So.2d 609. A review of the record clearly shows that the trial judge did indeed consider the guidelines. The trial judge addressed several factors, including but not limited to, Defendant’s age, employment record, his prior criminal activity—in this case a lack of a prior history, family status, the seriousness of the offense, and the likelihood of rehabilitation.
The trial judge specifically noted that while Defendant has a good family history, two younger brothers, age eleven and sixteen, good employment, and every advantage a young person could want, he chose to distribute illegal drugs and did so |3out of the family home. The trial judge also noted that a particularly aggravating factor for the sentence was “... according to the district attorney’s files and the evidence presented in the statements made in support of these charges, that you were the lead one of these defendants in this whole bunch. The others pled to conspiracy, not to the completed crime.”
The second prong of the two-part test requires the reviewing court to determine whether the sentence imposed was excessive. Easily, 769 So.2d 609. Defendant was sentenced to seven years on each of two counts of distribution of marijuana. The maximum sentencing exposure was thirty years on each count. Defendant was also sentenced to two years of a possible five years for possession of cocaine. The three sentences were ordered to be served concurrently. Defendant was originally charged by bill of information with four counts of distribution of marijuana and one count of distribution of cocaine. Defendant’s sentencing exposure as originally charged was a maximum of one hundred and fifty years. Defendant, however, was arraigned on January 20, 2000, on one count of intent to distribute marijuana, one count of intent to distribute cocaine, one count of criminal conspiracy to distribute marijuana, and one count of criminal conspiracy to distribute cocaine. As arraigned, Defendant was exposed to a total of ninety years. Thus, Defendant benefitted from the plea agreement which limited his sentencing exposure to a maximum of sixty-five years, only seven of which he was ordered to serve.
A sentence will be found excessive where it is “grossly out of proportion to the severity of the crime,” or where it is “nothing more than the purposeless and needless imposition of pain and suffering.” State v. Smith, 433 So.2d 688, 698 (La.1983)(quoting State v. Bonanno, 384 So.2d 355, 357 (La.1980)).
*500 | ¿There is no indication that the sentences are grossly out of proportion to the crimes or that they are a needless imposition of pain and suffering. Clearly, the trial court gave proper consideration to the sentencing guidelines. Accordingly, these assignments are without merit.

DECREE.

Based on the foregoing discussion, the decision of the trial court is affirmed.
AFFIRMED.