JOHNSON, Justice,
concurs and assigns reasons.
_JjI concur with the majority opinion vacating the district court’s ruling permitting the admission of testimony by defendant’s expert on the validity of eyewitness identification. However, I disagree with the majority’s finding that State v. Stucke, 419 So.2d 939, 945 (La.1982) serves as a complete bar to the admission of expert testimony regarding eyewitness identification. In Stucke, this Court held that the trial court did not abuse its discretion in excluding expert witness regarding the quality of an identification. This Court, in addressing the then res nova issue, reasoned as follows:
[T]he prejudicial effect of such testimony outweighs its probative value because of the substantial risk that the potential persuasive appearance of the expert witness will have a greater influence on the jury than the other evidence presented during the trial. Such testimony invades the province of the jury and usurps its function. State v. Stucke, 419 So.2d at 945.
Other Louisiana courts have relied upon the Stucke decision when denying the admissibility of expert witness testimony on eyewitness identification.[1] Although not legislatively overruled, the Stucke case must be examined in light of the provisions of the Louisiana Code of Evidence regarding expert testimony that followed the Stucke decision, since the Stucke decision was rendered prior to the enactment of the Louisiana Code of Evidence and repeal by Acts 1988, No. 515, § 8 of the provisions in La. R.S. 15:464 et seq., regarding expert testimony.
The trial in the instant case occurred after January 1, 1989, therefore the provisions of the Louisiana Code of Evidence are applicable to the case herein.
La.C.E. art. 403 states:
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of un-due delay, or waste of time.
La.C.E. art. 702 states:
If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise. State v. Ford, 608 So.2d 1058 at 1062, (1st Cir.1992).
Rather than establishing a brightline rule, our jurisprudence has determined that the admissibility of expert witness testimony should be made on a case by case basis. In State v. Chapman, 436 So.2d 451, 453 (La.1983), the trial court allowed expert testimony concerning studies which generally reflected the fallibility of eyewitness identification in certain circumstances. Although the question of admissibility was not an issue on appeal in Chapman, this Court, in a footnote, cited the Stucke decision, and discussed the concurring opinion in Stucke which emphasized the trial court’s discretion in admitting such evidence, in the interest of justice, when the court determines that the proffered evidence would assist the jury in deciding the question of identity.
*1052 The United States Supreme Court noted the inherent problems in eyewitness identification testimony decades ago in its first attempt to establish constitutional safeguards governing the admission of eyewitness evidence of identification in | (¡criminal trials.[2] The Court, in a trilogy of cases,[3] stated: “The vagaries of eye-witness identification are well known; the annals of criminal law are rife with instances of mistaken identification....”[4] Although the majority concludes that the expert testimony on eyewitness identification somehow invades the province of the jury, Federal Rules of Evidence have eliminated this rationale, providing that: “Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.” Fed. R.Evid. 704(a). Additionally, this reasoning has been explicitly rejected by the federal courts.[5]
In the ease at bar, I agree, that based on the facts presented, the majority is correct in vacating the trial court’s ruling admitting the expert testimony because there were multiple eyewitnesses, and ample corroborating evidence to support defendant’s conviction. The fallibility of human perception and memory, in general, is consideration in those cases where the lone witness’ identification is not supported by other testimony or evidence. It is my view, that expert witness testimony regarding the reliability of eyewitness identification is not per se inadmissible in every case.

. See State v. Gurley, 565 So.2d 1055, 1057-1058 (La.App. 4th Cir.1990), writ denied, 575 So.2d 386 (La.1991); State v. Coleman, 486 So.2d 995, 1000 (La.App. 2d Cir.), writ denied, 493 So.2d 634 (La.1986).

. Nathan R. Sobel, Eye-witness Identification; Legal and Practical Problems 1 (2d ed.1981).

. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

. United States v. Wade, 388 U.S. at 228, 87 S.Ct. 1926 (footnotes omitted).

. See United States v. Rogers, 769 F.2d 1418, 1425 (9th Cir.1985), and the U.S. Supreme Court's rejection of a similar argument in Barefoot v. Estelle, 463 U.S. 880, 899, 103 S.Ct. 3383, 3397-98, 77 L.Ed.2d 1090 (1983).