691 So.2d 202 (1997)
STATE of Louisiana
v.
Willis Andrew TROSCLAIR, Jr.
No. 96 KA 1171.
Court of Appeal of Louisiana, First Circuit.
February 14, 1997.
Rehearing Denied April 2, 1997.
*203 Mark D. Rhodes, Houma, for StateAppellee.
Anthony Champagne, Houma, for Defendant-Appellant.
Before LOTTINGER, C.J., and FOIL and FOGG, JJ.
FOGG, Judge.
The defendant, Willis Andrew Trosclair, Jr., was charged by bill of information with distribution of marijuana, a violation of LSA-R.S. 40:966 A(1). He pled not guilty and, after trial by jury, was found guilty as charged. The defendant received a sentence of seven years at hard labor, with credit for time served. He has appealed, alleging five assignments of error, as follows:
*204 1. Reversible error is patent on the face of the record as the marijuana was never introduced into evidence.
2. The trial court erred in instructing the jury that a defense witness had claimed his privilege against self-incrimination.
3. The prosecutor made numerous prejudicial remarks during closing argument and rebuttal closing argument.
4. The trial court erred in making a prejudicial remark at the conclusion of the jury charge.
5. The trial court erred in imposing an excessive sentence.

FACTS
Between December of 1992 and November of 1993, William Jordan was employed by the Terrebonne Parish Sheriff's Office as an undercover narcotics agent. At approximately 6:00 p.m. on May 6, 1993, Agent Jordan entered Betty's Grocery in Dulac, Louisiana. After making a small purchase, he informed the defendant that he was leaving. When the defendant asked Agent Jordan where he was going, he replied that he was "going to go find something for the head" (a street term used to find some type of narcotic). The defendant stated: "Hey, man, you looking for a bag?" When Agent Jordan replied in the affirmative, the defendant stated: "I can't leave the register, let me get Albert, we'll get you a bag." The defendant called to his brother Albert and stated: "Hey, the guy with the big 4-wheel drive, he needs a bag." Agent Jordan went to the back of the store and purchased a bag of marijuana from Albert Trosclair for forty dollars. Before leaving the store, Agent Jordan again spoke with the defendant. Referring to the bag of marijuana, the defendant inquired: "Did you like it?" Agent Jordan replied that he was satisfied and, shortly thereafter, he left the store.
At the trial, Agent Jordan testified that he currently was employed as an undercover narcotics agent by the St. James Parish Sheriff's Office. He recounted the details of the above drug transaction between himself and Albert Trosclair. Agent Jordan specifically referred to the statements made by the defendant before and after the drug transaction.
The defense presented three witnesses who essentially contradicted the testimony of Agent Jordan. The defendant's wife, Wanda Trosclair, testified that she had not seen the defendant with any marijuana since his arrest in 1988. She testified that she overheard part of the conversation between Agent Jordan and the defendant on May 6, 1993. According to Mrs. Trosclair, when Agent Jordan asked the defendant if he had something, the defendant replied that "he don't (sic) fool with that no (sic) more."
The defendant's brother, Albert Trosclair, testified that when Agent Jordan entered the store on May 6, 1993, he did not hear Agent Jordan ask for marijuana or anything else. He also denied hearing Agent Jordan ask the defendant for anything. According to Albert Trosclair, Agent Jordan was asking for him, not the defendant. When Albert heard his name mentioned, he walked around the partition at the rear of the store and Agent Jordan followed him outside as he went to fix his fishing gear. Albert Trosclair testified that he thought this incident occurred at approximately 10:30 a.m. because he was leaving to go fishing. Prior to cross-examination, however, when it became clear that the prosecutor would question Albert Trosclair regarding specific details of the alleged drug transaction, he invoked the privilege against self-incrimination. He was removed from the witness stand without cross-examination.
The defendant testified that he did not sell marijuana to anyone in 1993. According to the defendant, he had not had any dealings with drugs since his arrest in 1988. The defendant testified that, when Agent Jordan entered the store on May 6, 1993, he approached the defendant and made some kind of a comment. The defendant replied that he "didn't f_ _ _ with it no more." At that point, Agent Jordan asked about his brother Albert, to which the defendant replied: "I don't know, you're going to have to ask him." At that point, Agent Jordan spotted Albert Trosclair and they walked outside together. After approximately fifteen or twenty minutes, Agent Jordan came back inside the *205 store, said goodbye, and left. The defendant specifically denied knowledge of a marijuana transaction because the door was closed, Agent Jordan and Albert Trosclair were outside, and the defendant could not see what happened.

ASSIGNMENT OF ERROR NUMBER ONE
In this assignment of error, the defendant contends that there is reversible error patent on the face of the record because, while the Scientific Analysis Report was admitted into evidence, the State never introduced the marijuana into evidence.
Initially, we note that the failure to introduce a certain piece of evidence would not constitute an error patent on the face of the record. See LSA-C.Cr.P. art. 920(2). Furthermore, for the reasons which follow, we find no error herein.
At the trial, State Exhibit 1, the Scientific Analysis Report, was introduced to prove that the substance seized in this case contained marijuana. The defendant did not object to the introduction of the Scientific Analysis Report; in fact, it was admitted pursuant to a stipulation. Therefore, the Scientific Analysis Report was prima facie proof of its contents and of proper custody. See La. R.S. 15:500; State v. Staton, 433 So.2d 222 (La.App. 1 Cir.), writ denied, 438 So.2d 1112 (La.1983). Additionally, Agent Jordan testified that he purchased a plastic bag containing what he believed to be marijuana. This testimony, combined with State Exhibit 1, was sufficient to prove that the defendant and his brother sold Agent Jordan a controlled dangerous substance (marijuana) despite the fact that the State declined to produce, or introduce into evidence, the contraband itself. See State v. Brown, 628 So.2d 207 (La.App. 2 Cir.1993).
This assignment of error is meritless.

ASSIGNMENT OF ERROR NUMBER TWO
In this assignment of error, the defendant contends that the trial court erred in informing the jury that a defense witness had claimed the privilege against self-incrimination.
Albert Trosclair testified on direct examination. However, prior to cross-examination, the jury was removed from the courtroom and he was questioned about whether or not he would invoke the privilege against self-incrimination. After consulting his attorney, Albert Trosclair announced that he would claim the privilege against self-incrimination. At this point, the prosecutor requested the trial court to instruct the jury that the witness had invoked the privilege against self-incrimination. Defense counsel objected, but the trial court overruled the objection and instructed the jury as follows:
THE COURT:
Ladies and gentlemen of the jury, the District Attorney's Office has attempted to ask certain questions of this particular witness, this witness has exercised his constitutional right to take the Fifth Amendment, and has refused to answer those questions. Therefore, he is now being discharged as a witness. The District Attorney's Office has no further questions of this witness. You may step down.
From the outset, the state's theory of the case was that the defendant's brother, Albert Trosclair, actually sold a bag of marijuana to Agent Jordan. The State contended that the defendant, by facilitating this drug transaction, was guilty as a principal. While the instant record is unclear as to whether or not a distribution of marijuana charge currently was pending against Albert Trosclair, apparently there was at least an unexecuted warrant for his arrest related to this incident. The defense must have known that Albert Trosclair would claim the privilege against self-incrimination if questioned about his direct involvement in the drug transaction. Nevertheless, the defense chose to present Albert Trosclair's testimony.
While not exactly on point, we find analogous the situations presented in State v. Ghoram, 328 So.2d 91 (La.1976) and State v. Dotch, 298 So.2d 742 (La.1974), cert. den., 420 U.S. 976, 95 S.Ct. 1401, 43 L.Ed.2d 657 (1975). Therein, the Louisiana Supreme Court found no error when, in order to introduce the testimony of a witness from a prior *206 court proceeding, the prosecutor established in the presence of the jury the fact that the witness currently was unavailable to testify due to the claim of a privilege against self-incrimination. By analogy, in the instant case, once Albert Trosclair announced his intention to invoke the privilege against self-incrimination, he became unavailable for cross-examination; and the prosecutor was entitled to have the jury informed of the reason why the witness was being removed from the stand without cross-examination.
Accordingly, we find no error in the trial court's ruling. In reaching this decision, we are compelled to note that the control of this situation was entirely in the hands of the defense, as such an instruction to the jury could have been avoided entirely if the defense had not chosen to place Albert Trosclair on the witness stand. See and compare State v. Matthews, 292 So.2d 226 (La.1974).
For the above reasons, this assignment of error is meritless.

ASSIGNMENT OF ERROR NUMBER THREE
In this assignment of error, the defendant contends that the prosecutor made numerous prejudicial remarks during closing argument and rebuttal closing argument. In his brief, the defendant quotes more than a full page of allegedly prejudicial remarks. However, the defendant summarizes the remarks as follows: "Convict this defendant because he has a previous drug conviction for distribution of marijuana" and "Defendant's brother refused to testify, hiding behind the Fifth Amendment, and so they were both in this together and are both guilty."
LSA-C.Cr.P. art. 774 provides:
The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
The argument shall not appeal to prejudice.
The state's rebuttal shall be confined to answering the argument of the defendant.
Initially, we note that the defendant did not object to these allegedly prejudicial remarks. The issue as to the propriety of closing argument remarks is not preserved for review where the defendant fails to make a timely objection to the remarks either during argument or shortly thereafter. State v. Dufrene, 461 So.2d 1263 (La.App. 1 Cir.1984). Additionally, there was no request for an admonition or a motion for a mistrial. Therefore, the defendant is deemed to have waived any such error on appeal. State v. Hookfin, 476 So.2d 481 (La.App. 1 Cir.1985).
Nevertheless, despite the absence of a contemporaneous objection, extremely inflammatory and prejudicial remarks require reversal. State v. Hookfin, 476 So.2d at 493. However, after a careful review of the prosecutor's closing and rebuttal closing arguments, we find no extremely inflammatory and prejudicial remarks which would require a reversal under the circumstances presented herein.
First, we find that the prosecutor acted within the scope of closing argument in attacking the defendant's credibility because of his prior drug convictions. Furthermore, since the case rested upon a credibility determination, the prosecutor did not err in suggesting that Agent Jordan gave unbiased testimony while the defendant's wife and brother were biased in favor of the defendant. Finally, it could be argued that, because the defense placed Albert Trosclair on the witness stand on direct examination knowing that he would invoke the privilege against self-incrimination on cross-examination, the defense invited the prosecutor to draw inferences on this claim of privilege in closing or rebuttal closing argument. In any event, even if we were to conclude that any closing or rebuttal closing argument references to Albert Trosclair's invocation of the privilege against self-incrimination were improper, for the following reasons we find these remarks by the prosecutor were not so extremely inflammatory and prejudicial that they could be said to have contributed to the guilty verdict herein. As noted in our treatment of the previous assignment of error, the State's theory of the case was that the defendant was guilty as a principal for his role in facilitating this drug transaction and that it *207 was his brother, Albert Trosclair, who actually sold the marijuana to Agent Jordan. Therefore, the jury was aware from the beginning that the State contended Albert Trosclair played a major role in the instant offense. Under these circumstances, any error in the prosecutor's closing or rebuttal closing argument references to Albert Trosclair's invocation of the privilege against self-incrimination was harmless beyond a reasonable doubt. LSA-C.Crim.P. art. 921.
Accordingly, this assignment of error is meritless.

ASSIGNMENT OF ERROR NUMBER FOUR
In this assignment of error, the defendant contends that the trial court erred in making a prejudicial remark at the conclusion of the jury charge. Specifically, he argues that the remark could have been construed to imply that the prosecution's case was so strong and/or the defendant's case so weak that the jury would not need much time to reach a guilty verdict.
At the conclusion of its charge to the jury, the trial court stated: "Good luck. We'll see ya'll (sic) in a few minutes." Under LSA-C.Crim.P. art. 772, the judge is prohibited, in the presence of the jury, from commenting upon the facts of the case, either by commenting upon or recapitulating the evidence, repeating the testimony of any witness, or giving an opinion as to what has been proved, not proved, or refuted. However, the defendant notes in his brief to this Court that there was no objection to the remark by trial counsel. Therefore, any error by the trial court in making such a remark was waived by the defendant. See LSA-C.Cr.P. art. 841; State v. Ellwest Stereo Theatres, Inc., 412 So.2d 594 (La.1982).
Moreover, while the trial court's remark might have been imprudent, from our review of the record we can find no implied or hidden meaning in the remark. The defendant makes no assertion that the remark was made with any particular tone, inflection, or hint of cynicism in the court's voice.
For the above reasons, this assignment of error is meritless.

ASSIGNMENT OF ERROR NUMBER FIVE
In this assignment of error, the defendant contends that the trial court erred in imposing an excessive sentence.
The Code of Criminal Procedure sets forth items which must be considered by the trial court before imposing sentence. LSA-C.Crim.P. art. 894.1. The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Herrin, 562 So.2d 1 (La.App. 1 Cir.), writ denied, 565 So.2d 942 (La.1990). In light of the criteria expressed by Article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182 (La.App. 1 Cir. 1988).
Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762 (La.1979). However, the trial court has great discretion in imposing a sentence within the statutory limits; and such a sentence will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Latiolais, 563 So.2d 469 (La.App. 1 Cir.1990).
On January 10, 1996, before imposing sentence, the trial court reviewed the presentence investigation report. The defendant had previous convictions for one count of distribution of marijuana and one count of possession of marijuana with intent to distribute. He received concurrent, suspended sentences and was placed on supervised probation, which expired on February 28, 1992. He also had two misdemeanor convictions (disturbing the peace and simple criminal damage to property). The court found that, during any period of probation, there would be an undue risk that the defendant would be involved in a similar drug offense. Reviewing the circumstances of the instant offense, it noted that the defendant's conduct was not excused or justified. The court concluded that the defendant was in need of correctional treatment and stated that any *208 lesser sentence would deprecate the seriousness of the offense. Considering the above, we find that the trial court complied with the Article 894.1 guidelines.
The defendant was convicted of distribution of marijuana which, at the time of the instant offense, was punishable by imprisonment at hard labor for not less than five years nor more than thirty years and a fine of not more than $15,000.00. See LSA-R.S. 40:966 B(2), prior to its amendment by 1993 La. Acts No. 969, § 1. The defendant's sentence of seven years at hard labor was less than one-fourth the possible maximum penalty for this offense and no fine was imposed. Considering the nature of the instant offense, the defendant's criminal record, and the reasons for sentencing given by the trial court, we find no abuse of discretion in the sentence imposed.
This assignment of error is meritless.
CONVICTION AND SENTENCE AFFIRMED.