890 So.2d 6 (2004)
STATE of Louisiana
v.
Eddie L. GREEN.
No. 04-KA-357.
Court of Appeal of Louisiana, Fifth Circuit.
November 16, 2004.
*8 Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Anne Wallis, Assistant District Attorneys, Gretna, LA.
Laura M. Pavy, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges MARION F. EDWARDS, CLARENCE E. McMANUS and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
On March 5, 2003, the Jefferson Parish District Attorney filed a bill of information charging defendant, Eddie L. Green, with two counts of distribution of marijuana in violation of LSA-R.S. 40:966(A). Defendant was arraigned on March 6, 2003 and pled not guilty. Defendant's motion to suppress identification was denied on May 19, 2003.
On May 21, 2003, the case was tried before a twelve-person jury which found defendant guilty as charged on both counts. Defendant's motion for new trial and motion for post-verdict judgment of acquittal were denied on June 27, 2003. On that same date, the trial court sentenced defendant to imprisonment at hard labor for fifteen years on each count to run concurrently, with the first five years of the sentences to be served without benefit of parole, probation, or suspension of sentence.
On June 27, 2003, the State filed a multiple bill alleging defendant to be a second felony offender. Defendant denied the allegations of the multiple bill. On November 14, 2003, the State withdrew the multiple bill. Defendant filed a motion for appeal that was granted.

FACTS
Allen James testified that he was assigned to the narcotics division of the Jefferson Parish Sheriff's Office, that he had been purchasing illegal narcotics for them for approximately one year, and that he was not a police officer. James testified that, after getting a name from a confidential informant, he contacted defendant, Eddie Green, to set up a date, time, and location to purchase one-half pound of marijuana. James explained that he knew defendant at that time as "Chris."
James and defendant agreed to meet on January 22, 2003 at approximately 9:00 p.m. at the McDonald's on the Lafitte-Larose Highway. After James got to that location, defendant pulled up in a Grand Marquis, exited the vehicle, and got into James' vehicle. James testified that defendant sold him one-half pound of marijuana (State's Exhibit 1), and that he gave defendant $475 in prerecorded money. After the transaction, James talked to defendant regarding purchasing more marijuana.
James later contacted "Chris" on a digital pager regarding purchasing two pounds of marijuana for $1,800 and was directed to go to 2900 Destrehan Avenue. On January 24, 2003, James arrived at that location at approximately 6:00 p.m. When James pulled up, defendant and another black male, who was later identified as both "Rick" and Derrick Bradley, were standing outside. After James asked defendant about the two pounds of marijuana, defendant gave the marijuana (State's Exhibit 2) to James, and James gave the money to defendant. Defendant then gave the money to Bradley, who started counting it.
*9 The State brought Bradley into court, and James positively identified him and defendant as the individuals he dealt with on January 24, 2003. On January 27, 2003, James positively identified photograph number four in a photographic lineup (State's Exhibit 7) as defendant, the individual he dealt with on January 22 and 24, 2003. On that same date, James positively identified photograph number one in another photographic lineup as Bradley, the other individual he dealt with on January 24, 2003 (State's Exhibit 8).
Andrea Travis, who was qualified as an expert in the analysis and testing of controlled dangerous substances, testified that State's Exhibits 1 and 2 tested positive for marijuana.
After the State rested, the defense called Derrick Bradley, defendant's brother, as a witness. Bradley testified that, on January 22, 2003, he went to McDonald's and bought one-half pound of marijuana from an Oriental man, his "connection," and sold it to a white man. He stated that defendant was not with him on that date.
Bradley testified that, on January 24, 2003, he sold two pounds of marijuana to "Kendel" or "Kendrick," a black male who was with a white male in a red and white truck, at 2900 Destrehan Avenue by his apartment. He explained that those were the same individuals to whom he had sold drugs to on January 22, 2003.
After Bradley got the money on January 24, 2003, he left the apartment complex, drove to a Texaco station in a white Grand Marquis and was stopped and charged with possession of cocaine. Bradley explained that, on January 24, 2003, he did not see defendant hand drugs to anybody, and that defendant was not outside with him but inside watching his children for him. Bradley testified that his nicknames were "Chris" and "Rick." He positively identified James in court as the individual who purchased marijuana from him on January 22 and 24, 2003.
Bradley stated that he was currently in jail, that he had been convicted on May 5, 2003 of distribution of cocaine and marijuana, and that he had received a ten-year sentence for each conviction. He also admitted that he was convicted in 1994 of manslaughter.
Leticia Griffin, defendant's girlfriend, testified that defendant had been her boyfriend since July of 2002, and that, on January 22, 2003, she was with defendant at his house.

ASSIGNMENT OF ERROR NUMBER ONE
The trial court imposed an excessive sentence.

DISCUSSION
Defendant argues that the fifteen-year sentence is excessive for a twenty-six-year-old man convicted of non-violent offenses. The State responds that the sentence is within the bounds of the statute and not excessive.
After defendant was sentenced, he lodged an objection, noting that, although the sentence was within the guidelines, it was not narrowly tailored to fit his specific needs, namely, his youth. Defendant did not file a written motion to reconsider sentence.
LSA-C.Cr.P. art. 881.1 provides that a defendant may file a motion to reconsider sentence within thirty days of sentencing, but requires that the motion be made orally at the time of sentencing, or in writing, and that it set forth the specific grounds on which the motion is based. The failure to file a motion to reconsider sentence, or to state the specific grounds on which the motion is based, precludes a defendant from raising those grounds on appeal. State v. Mims, 619 *10 So.2d 1059, 1060 (La.1993); State v. Holmes, 94-907 (La.App. 5 Cir. 3/15/95), 653 So.2d 642, 646. However, in these circumstances this Court has generally considered the issue of whether the sentence was constitutionally excessive. State v. Stec, 99-633 (La.App. 5 Cir. 11/30/99), 749 So.2d 784, 789; State v. Richmond, 98-1015 (La.App. 5 Cir. 3/10/99), 734 So.2d 33, 38.
A sentence is unconstitutionally excessive if it is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Ratcliff, 416 So.2d 528, 534 (La.1982). In reviewing a sentence for excessiveness, this Court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice. The trial judge is afforded wide discretion in determining a sentence and if the record supports the sentence imposed, the court of appeal will not set aside a sentence for excessiveness. State v. Guzman, 99-1528 (La.5/16/00), 769 So.2d 1158, 1167; State v. Sanders, 98-855 (La.App. 5 Cir. 5/19/99), 734 So.2d 1276, 1278, writ denied, 99-1980 (La.1/7/00), 752 So.2d 175; State v. Payne, 00-1171 (La.App. 5 Cir. 12/13/00), 777 So.2d 555, writ denied, 01-118 (La.11/21/01), 802 So.2d 626.
A sentence which falls within the statutory limits may be excessive under certain circumstances. State v. Guzman, 99-1528 (La.5/16/00), 769 So.2d 1158, 1167; State v. Brown, 94-1290 (La.1/17/95), 648 So.2d 872, 877. However, such sentence will not be set aside absent manifest abuse of discretion. State v. Bacuzzi, 97-573 (La.App. 5 Cir. 1/27/98), 708 So.2d 1065, 1068-1069; State v. Jones, 94-383 (La.App. 5 Cir. 10/25/94), 645 So.2d 773, 776, writ denied, 94-2826 (La.3/10/95), 650 So.2d 1175.
Factors an appellate court may consider in reviewing the sentencing judge's discretion are: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts. State v. Harris, 02-1048 (La.App. 5 Cir. 2/25/03), 841 So.2d 1005, 1007, writ denied, 03-0742 (La.9/19/03), 853 So.2d 637.
Defendant was convicted of two counts of distribution of marijuana, violations of LSA-R.S. 40:966(A), and sentenced to fifteen years of imprisonment at hard labor on each count. The penalty provision of that statute provides as follows: "A substance classified in Schedule I which is marijuana ... shall upon conviction be sentenced to a term of imprisonment at hard labor for not less than five nor more than thirty years, and pay a fine of not more than fifty thousand dollars." LSA-R.S. 40:966(B)(3). The trial judge did not provide reasons prior to sentencing.
Courts have found the following sentences not to be excessive: (1) imposition of a five-year minimum sentence for conviction upon plea of guilty to distributing marijuana was not excessive, where defendant sold fifteen marijuana cigarettes to informant, evidence was found in defendant's house indicating that he had been selling marijuana for long periods of time, defendant fled when he realized he was going to be arrested and attempted to hide incriminating evidence, and defendant benefited from plea bargain agreement by dismissal of other serious charges (State v. Garner, 99-160 (La.App. 3 Cir. 6/2/99), 741 So.2d 771); (2) defendant's concurrent sentences of seven years on two counts of distribution of marijuana and one count of possession of cocaine were not excessive, where, as arraigned, defendant's total sentence exposure was ninety years and, under *11 his plea agreement, his exposure was sixty-five years (State v. Isgitt, 00-1656 (La.App. 3 Cir. 5/2/01), 787 So.2d 497); (3) sentence of seven years at hard labor for distribution of marijuana conviction was not excessive; imprisonment term was one-fourth of possible maximum penalty and no fine was imposed (State v. Trosclair, 96-1171 (La.App. 1 Cir. 2/14/97), 691 So.2d 202, writ denied, 97-1187 (La.10/17/97), 701 So.2d 1333); (4) concurrent sentences of ten years on two counts of distribution of marijuana were not constitutionally excessive; defendant had prior drug-related arrest, defendant was involved in multiple drug transactions over extended period, and defendant's total sentencing exposure was sixty years (State v. Butler, 98-1258 (La.App. 3 Cir. 2/3/99), 734 So.2d 680); (5) defendant was convicted of two counts of distribution of marijuana, and the trial court sentenced him to concurrent ten years at hard labor on each count and a $500 fine on each count; the appellate court found these not to be constitutionally excessive (State v. Kerrigan, 27,846 (La.App. 2 Cir. 4/3/96), 671 So.2d 1242).
In the instant case, defendant distributed a large amount of marijuana on two occasions. Had the trial court given defendant the maximum sentence on each count and ordered them to run consecutively, defendant would be serving a sixty-year sentence. Thus, defendant received a benefit from the concurrent fifteen-year sentences imposed. Additionally, the jurisprudence cited previously supports defendant's sentences. Under these circumstances, we fail to find that the sentences imposed by the trial court were constitutionally excessive.
Defendant also argues that the sentence is void because it was imposed without waiver of the twenty-four-hour delay. The State responds that, although defendant did not expressly waive the delay, his affirmative response to the trial judge at the time of sentencing constituted an implied waiver.
LSA-C.Cr.P. art. 873 provides:
Art. 873. Delay between conviction and sentence
If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.
As general rule, when a defendant challenges a non-mandatory sentence, and the required 24-hour delay in sentencing after denial of a motion for new trial or in arrest of judgment is not waived, the defendant's sentence must be vacated and matter remanded for resentencing. State v. Sims, 02-1244 (La.App. 5 Cir. 4/29/03), 845 So.2d 1116, 1122, writ denied, 03-KH-2189 (La.8/20/04), 882 So.2d 570; State v. Shaw, 00-1051 (La.App. 5 Cir. 2/14/01), 785 So.2d 34, 47, writ denied, 01-0969 (La.2/8/02), 807 So.2d 861.
However, this Court has determined that defense counsel's affirmative response to a question by the trial judge as to whether the defendant was ready for sentencing constitutes a waiver. State v. James, 527 So.2d 504, 505 (La.App. 5 Cir.1988).
In the instant case, a review of the transcript reveals that the trial judge failed to observe the mandatory twenty-four-hour delay set by LSA-C.Cr.P. art. 873. However, the transcript shows that the following exchange occurred after the denial of the motion for new trial and *12 motion for post-verdict judgment of acquittal, but immediately prior to sentencing:
THE COURT:
We need to sentence him on this charge, I don't think he's been sentenced yet.
MR. TYLER [Defense counsel]:
No, you're right, Your Honor.
The State cites three cases in its brief to support its contention that defense counsel's statement constituted an implied waiver of the twenty-four-hour delay: State v. Flowers, 337 So.2d 469 (La.1976); State v. Ferrell, 94-702 (La.App. 5 Cir. 5/30/95), 656 So.2d 739, writ denied, 95-2360 (La.4/18/97), 692 So.2d 433; and State v. Starks, 549 So.2d 409 (La.App. 5 Cir.1989).
In Flowers, the Supreme Court noted that the transcript of the sentencing clearly showed that the trial court asked defendant if he wished to be sentenced on that date, and that his counsel replied in the affirmative. As such, it found that this constituted an express waiver of the delay. Id. at 474.
In Ferrell, this Court stated that the record showed that defendant did not expressly state that he was waiving the twenty-four-hour delay period required by LSA-C.Cr.P. art. 873. However, it noted that when the trial court asked if defendant was ready for sentencing, defense counsel affirmatively answered, "`Ready for sentencing, Your Honor.'" This Court concluded that this was an implied waiver of the delay. Id. at 745.
In Starks, the trial judge failed to wait the required twenty-four-hour delay between the denial of defendant's motions for new trial and post-verdict judgment of acquittal and sentencing. However, this Court found that, when the trial judge denied defendant's motions, defense counsel stated "we stand ready for sentencing," impliedly waiving the delay as allowed under LSA-C.Cr.P. Article 873. In any event, this Court concluded that such error was harmless as defendant had neither alleged nor shown prejudice as a result of the failure to observe the delay. Id. at 413.
In the instant case, we find that defense counsel's response to the trial court's question regarding sentencing constituted a waiver of the twenty-four-hour delay. Although defense counsel did not expressly state that defendant was ready for sentencing, he agrees with the trial judge that defendant needed to be sentenced.

ERROR PATENT DISCUSSION (ASSIGNMENT OF ERROR NUMBER TWO)
Defendant requests an error patent review. The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals one error which requires corrective action in this case.
The record shows that the trial judge ordered the first five years of the sentence to be served without benefit of parole, probation, or suspension of sentence. However, LSA-R.S. 40:966(B)(3) does not contain this restriction. Thus, the sentence is illegally excessive.
In State v. Sanders, 04-0017 (La.5/14/04), 876 So.2d 42, the Louisiana Supreme Court held that
[i]n cases in which the sentencing error made by the trial court does not involve the omission of a restrictive term specified by the legislature as part of the sentence but the imposition of limits beyond what the legislature has authorized in the sentencing statute(s), an appellate court should not rely on La.R.S. 15:301.1(A) to correct the error as a *13 matter of law but should correct the sentence on its own authority under La.C.Cr.P. art. 882 to correct an illegal sentence "at any time."
Therefore, we hereby amend the sentence to delete the portion requiring that the first five years of the sentence be served without benefit of parole, probation, or suspension of sentence. In all other respects, defendant's conviction and sentence are affirmed.
AMENDED, AND AS AMENDED, AFFIRMED.