NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-639

STATE OF LOUISIANA

VERSUS

DEMETRIUS D. ZENO

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 73094
HONORABLE VERNON B. CLARK, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, and Sylvia R. Cooks and Oswald A. Decuir, Judges.

CONVICTION AFFIRMED; SENTENCE VACATED
IN PART AND OTHERWISE AFFIRMED.

William E. Tilley
District Attorney
Terry W. Lambright
Assistant District Attorney
P.O. Box 1188
Leesville, LA 71446
(337) 239-2008
Counsel for Plaintiff/Appellee:
    State of Louisiana

Peggy J. Sullivan
Louisiana Appellate Project
P. O. Box 2775
Monroe, LA 71207-2775
(318) 387-6124
Counsel for Defendant/Appellant:
    Demetrius D. Zeno

**DECUIR, Judge.**

After an undercover operation, the Defendant, Demetrius D. Zeno, was charged by bill of information with four counts of distribution of marijuana, in violation of La.R.S. 40:966; four counts of distribution of cocaine, in violation of La.R.S. 40:967; and one count of distribution of methamphetamine and 3,4-methylenedioxymethamphetamine, in violation of La.R.S. 40:966 and 40:967. Pursuant to a plea bargain, the Defendant entered a plea of guilty to four counts of distribution of cocaine and one count of distribution of marijuana. The remaining charges were dismissed. The Defendant was sentenced on each count to serve concurrent terms of seven years at hard labor and to pay a fine of seven hundred fifty dollars. The Defendant is now before this court asserting one assignment of error.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. We find error herein in a portion of the sentence imposed.

The trial court ordered payment of $1,504.00 for "restitution to the Vernon Parish Narcotics Task Force" without first suspending a portion of the Defendant's sentence. Louisiana Code of Criminal Procedure Article 895.1 provides, in pertinent part:

> B. When a court suspends the imposition or the execution of a sentence and places the defendant on probation, it may in its discretion, order placed, as a condition of probation, an amount of money to be paid by the defendant to any or all of the following:
>
> . . . .
>
> (4) To a law enforcement agency for the reasonable costs incurred in arresting the defendant, in felony cases involving the distribution of or intent to distribute controlled dangerous substances.

Louisiana law provides no authority allowing the trial court to order payment of restitution to a law enforcement agency without first suspending the sentence of incarceration. *State v. Clark,* 93-1470 (La.App. 3 Cir. 10/5/94), 643 So.2d 463, *writ*

*denied*, 94-2715 (La. 2/9/95), 649 So.2d 418. Accordingly, this court must vacate the restitution portion of the sentence imposed.

**ASSIGNMENT OF ERROR**

In his sole assignment of error, the Defendant contends the sentences imposed constitute excessive sentences under the facts and circumstances of this case.

Prior to sentencing, the trial court reviewed the pre-sentence investigation report and a letter from the Defendant. At the hearing, the sentencing court considered the factors set forth in La.Code Crim.P. art. 894.1, noting the Defendant's age and educational level, that he has children, was employed at the time of his arrest, and is a first felony offender. The trial court also considered the economic harm to society, the lack of justification or provocation, the number of offenses, and the benefit received from the plea bargain. The Defendant argues, however, that the trial court gave no indication of the weight ascribed to any of these factors and seemed to give little weight to the number of mitigating circumstances.

The Defendant asserts that although the trial court acknowledged his history of drug and alcohol abuse for which he has never received treatment, the court did not consider a sentence which would best provide treatment. The Defendant argues that his drug problem serves as provocation in this matter and should have been dealt with in order to rehabilitate him.

In his motion to reconsider sentence, the Defendant argued that his sentences were excessive, "given due consideration to the facts and circumstances of the case, the pre-sentence investigation and its results, and any and all other matters at the disposal of the court at the time said sentence was imposed." The Defendant did not set forth any specific arguments in this motion. Thus, all issues raised in brief to this court, except the Defendant's claim that his sentences are excessive, were not

2

preserved for appellate review and will not be considered. *State v. Curtis*, 08-99 (La.App. 3 Cir. 6/5/08), 987 So.2d 294.

> The Eighth Amendment to the United States Constitution and La. Const. art. 1, § 20 prohibit the imposition of cruel or excessive punishment. " '[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.' " *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Nevertheless, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. . . . The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d *957, cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v.* Carter, 07-1237, p. 32 (La.App. 3 Cir. 4/9/08), 981 So.2d 734, 754 (quoting *State v. Davenport*, 07-254 (La.App. 3 Cir. 10/3/07), 967 So.2d 563).

The Defendant pled guilty to one count of distribution of marijuana. The sentencing range for that offense is imprisonment at hard labor for not less than five nor more than thirty years and a fine of not more than fifty thousand dollars. La.R.S. 40:966(B)(3). The Defendant was sentenced to serve seven years at hard labor and to pay a fine of seven hundred fifty dollars.

The Defendant also pled guilty to four counts of distribution of cocaine. The sentencing range for that offense is imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence, and a potential fine of not more than fifty thousand dollars. La.R.S. 40:967(B)(4)(b). The Defendant was sentenced to serve seven years at hard labor on each count, with the first two years of each sentence to be served without benefit of probation, parole, or suspension of sentence, and to pay a fine of seven hundred fifty dollars. These sentences were

ordered to run concurrently with each other and the sentence imposed for distribution of marijuana.

Pursuant to the terms of a plea bargain, three counts of distribution of marijuana and one count of distribution of methamphetamine were dismissed. Each of the charged offenses was punishable by a term of imprisonment of five to thirty years. Had the State been able to prove the Defendant's guilt on all counts, he would have faced a very long sentence. Thus, he has certainly received a substantial benefit from his plea bargain. Additionally, the trial court ordered all of the Defendant's sentences to be served concurrently.

Similar sentences have been upheld in other cases. In *State v. Green*, 04-357 (La.App. 5 Cir. 11/16/04), 890 So.2d 6, the fifth circuit upheld sentences of fifteen years on each of two counts of distribution of marijuana, with the sentences to run concurrently. In *State v. Semien*, 06-841 (La.App. 3 Cir. 1/31/07), 948 So.2d 1189, *writ denied*, 07-448 (La. 10/12/07), 965 So.2d 397, this court upheld a twelve-year sentence for a first offender convicted of distribution of cocaine.

Considering the evidence in the record before us and relevant jurisprudence, as well as the terms of the plea bargain entered into by the Defendant and the State, we affirm the sentences imposed on the Defendant.

## DECREE

Finding patent error in the order of restitution to the Vernon Parish Narcotics Task Force, we vacate that portion of the sentence imposed. In all other respects, the conviction and sentence are hereby affirmed.

**CONVICTION AFFIRMED; SENTENCE VACATED IN PART AND OTHERWISE AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.