JUDE G. GRAVOIS, Judge.
 

 | ^Defendant, Hasson Mitchell, has appealed his conviction for distribution of cocaine in violation of LSA-R.S. 40:967(A), and sentence as a multiple offender.
 
 [1]
 
 Defendant’s appointed appellate counsel has filed an
 
 Anders
 
 brief pursuant to
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and
 
 State v. Jyles,
 
 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record. After thoroughly reviewing the record in this case, we concur with the representations of defendant’s counsel. Accordingly, for the reasons that follow,
 
 *393
 
 we affirm defendant’s conviction, affirm his sentence as amended, remand for correction of the commitment, and grant appointed counsel’s motion to withdraw.
 

 FACTS AND PROCEDURAL BACKGROUND
 

 On November 9, 2009, the Jefferson Parish District Attorney filed a bill of information charging defendant with distribution of cocaine in violation of LSA-R.S. 40:967(A). Defendant initially pled not guilty. On April 26, 2010, defendant pled guilty as charged, and pursuant to a plea agreement, was sentenced to fifteen years imprisonment at hard labor. On that same date, defendant admitted to the allegations of a multiple bill of information filed against him, the original sentence imposed on defendant was vacated, and defendant received an enhanced sentence of fifteen years imprisonment.
 
 [2]
 

 On June 8, 2010, defendant’s
 
 pro se
 
 motion for appeal was granted.
 

 ANDERS BRIEF
 

 Under the procedure set forth in
 
 State v. Benjamin,
 
 573 So.2d 528, 530-31 (La.App. 4 Cir.1990),
 
 [3]
 
 appointed appellate counsel has filed a brief pursuant to
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and
 
 State v. Jyles,
 
 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
 

 In
 
 Anders,
 
 the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds the case to be wholly 1 ¿frivolous after a conscientious examination of it.
 
 [4]
 
 The request must be accompanied by “a brief referring to anything in the record that might arguably support the appeal” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.”
 
 McCoy v. Court of Appeals of Wisconsin, Dist. 1,
 
 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988) (citation omitted).
 

 In
 
 Jyles,
 
 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an
 
 Anders
 
 brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Supreme Court explained that an
 
 Anders
 
 brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over
 
 *394
 
 the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.”
 
 Jyles, supra.
 

 When conducting a review for compliance with
 
 Anders,
 
 an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.
 
 State v. Bradford,
 
 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines that there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion |5and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel.
 
 Id.
 

 In the instant case, defendant’s appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Appellate counsel states that there is no ruling of the trial court to be challenged, explaining that defendant pled guilty as charged and there were no pre-trial rulings. She contends that raising a claim of excessive sentence would be frivolous when defendant was informed of the considered fifteen-year sentence on the multiple bill and his sentence was ordered to run concurrently with other sentences imposed in other cases on the same day.
 

 Appellate counsel has filed a motion to withdraw as attorney of record that states that she has made a conscientious and thorough review of the trial court record and can find no non-frivolous issues to raise on appeal and no rulings of the trial court which arguably would support the appeal. She contends she has notified defendant of the filing of her motion and advised him of his right to file a
 
 pro se
 
 brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an
 
 Anders
 
 brief had been filed and that he had until December 18, 2010 to file a
 
 pro se
 
 supplemental brief. Defendant has
 
 not
 
 filed a brief.
 
 [5]
 

 The State responds that appellate counsel shows a complete and thorough recitation of the procedural history of the case and that counsel has cast an advocate’s eye over the record, determining there were no significant non-frivolous ^issues upon which to base an appeal. The State requests that this Court affirm defendant’s conviction and sentence.
 

 An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
 

 The bill of information in this case properly charged defendant and presents no non-frivolous issues supporting an appeal. As required, it plainly, concisely, and definitely states the essential facts constituting the offense charged. It also sufficiently identifies defendant and the crime charged. See generally LSA-C.Cr.P. arts. 464-66.
 

 As reflected by the minute entries and commitment, defendant appeared at each stage of the proceedings against him. He attended his arraignment, his guilty plea, and his sentencing. As such, defendant’s presence does not present any issue that would support an appeal.
 

 
 *395
 
 Further, defendant pled guilty as charged. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief.
 
 State v. Wingerter,
 
 05-697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664.
 

 The record does not contain any pretrial motions filed by defendant; thus there were no rulings to preserve for appeal under the holding in
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976).
 

 Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief.
 
 State v. McCoil,
 
 05-658, p. 7 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin
 
 [6]
 
 colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept.
 
 McCoil, supra.
 

 The record in the instant case shows that defendant was aware he was pleading guilty to distribution of cocaine. He was advised of his right to a judge or jury trial, his right to confrontation, and his privilege against self-incrimination, as required by
 
 Boykin.
 
 Defendant was advised of these rights by means of the waiver of rights form as well as during the colloquy with the trial judge. Defendant, a 30-year-old high school graduate who stated that he could read, indicated during the colloquy that he understood that he was waiving these rights. The commitment also reflects that defendant was advised of his
 
 Boykin
 
 rights.
 

 Defendant further indicated that he had not been forced, coerced, or threatened to enter his guilty plea. He was informed that this guilty plea could be used to enhance a penalty for any future felony conviction should he be convicted of another felony in the future.
 

 Defendant was also advised that he faced a possible sentencing range of fifteen to sixty years and that he would be sentenced to fifteen years at hard labor, to run concurrently with his other sentences. Defendant stated that he understood the consequences of pleading guilty and wished to plead guilty. Additionally, defendant, his attorney, and the judge signed guilty plea forms that enumerated defendant’s rights, and explained the sentence defendant would receive under the plea agreement for the underlying charge and the multiple bill.
 

 Defendant’s sentence does not present any issues for appeal because his fifteen-year sentence falls within the sentencing range prescribed by statute. See LSA-R.S. 40:967(A). Further, defendant’s sentence was imposed pursuant to a Rplea agreement. LSA-C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea.
 
 State v. Washington,
 
 05-211, p. 5 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173.
 

 Based on the foregoing, we find that the proceedings surrounding defendant’s plea of guilty and his sentence do not present any non-frivolous issues to be raised on appeal. Because appellate counsel’s brief adequately demonstrates that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion, we
 
 *396
 
 hereby grant appellate counsel’s motion to withdraw as attorney of record.
 

 ERRORS PATENT DISCUSSION
 

 The record was reviewed for errors patent in accordance with LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La. 1975);
 
 State v. Wetland,
 
 556 So.2d 175 (La.App. 5 Cir.1990).
 

 The record reflects that defendant was not specifically advised by the trial judge of his right to remain silent prior to stipulating to the allegations in the multiple offender bill of information. Before a defendant stipulates to the charges in a habitual offender bill of information, the trial court must advise the defendant of the specific allegations contained in the multiple bill, his right to be tried as to the truth thereof, and his right to remain silent. LSA-R.S. 15:529.1(D)(1)(a) and (3). The failure of the trial court to comply with the requirements of LSA-R.S. 15:529.1(D)(1)(a) and (3) is subject to a harmless error analysis.
 
 State v. Dearmas,
 
 606 So.2d 567, 569 (La.App. 5 Cir. 1992); overruled on other grounds by
 
 State v. Davis,
 
 01-123 (La.App. 5 Cir. 7/30/01), 792 So.2d 126.
 

 | flGenerally, the failure of the trial court to advise the defendant of his right to a hearing and his right to remain silent is considered harmless error where the defendant’s multiple offender status is established by competent evidence offered by the State at a hearing rather than by admission of the defendant.
 
 State v. Palmer,
 
 93-1027, p. 4 (La.App. 5 Cir. 4/26/94), 636 So.2d 1091, 1093. However, when the defendant stipulates to the multiple offender bill without having been informed of his right to a hearing or his right to remain silent, by either the court or his attorney, there is reversible error.
 
 State v. Brown,
 
 95-377, p. 6 (La.App. 5 Cir.1995), 665 So.2d 477, 480.
 

 In this case, the trial court addressed defendant as follows, prior to accepting his stipulation to the multiple offender bill of information:
 

 THE COURT:
 

 [[Image here]]
 

 Mr. Mitchell, this Waiver of Rights Form that you signed indicates that the State of Louisiana is relieved of its obligation to put on proof that you, in fact, had committed all the crimes that would allow them to charge you as being a second offender in this case. That would also include the fact that you had been given, in those earlier crimes, all your proper Rights that you are, in fact, the same person who was previously convicted and a number of other details. Basically, what you’re doing is you’re waiving them, or in other words, you’re telling the State of Louisiana they don’t have to put on any of that evidence.
 

 Is that correct, sir?
 

 MR. HASSON MITCHELL
 

 Yes, sir.
 

 As can be seen from the above, while the court arguably advised defendant of his right to a hearing, he did not inform him of the specific allegations contained in the multiple offender bill or his right to remain silent. However, we find that this error was harmless in light of the fact that defendant executed a Waiver of Rights — Plea of Guilty as Multiple Offender under LA.R.S. 15:529.1 form, in 110which he acknowledged with his initials and signature that he had reviewed a copy of the bill of information for the multiple bill and understood that he had a right to a hearing as well as the right to remain silent throughout such a hearing.
 
 See State v. Wheelwright,
 
 615 So.2d 385 (La.App. 5th Cir.1993),
 
 writ denied,
 
 619 So.2d 576 (La.1993), and
 
 State v. Carruth,
 
 94-147, 94-148 (La.App. 5th Cir. 9/27/94), 643 So.2d 1319.
 

 Next, we find that the trial court erred in ordering that defendant’s entire
 
 *397
 
 habitual offender sentence be served without the benefit of parole. When a defendant is sentenced as a habitual offender, ‘“[t]he penalty increase is computed by reference to the sentencing provisions of the underlying offense. Similarly, the conditions imposed on the sentence are those called for in the reference statute.’ ”
 
 State v. Fletcher,
 
 03-60, p. 13 (La.App. 5 Cir. 4/29/03), 845 So.2d 1213, 1222 (quoting
 
 State v. Bruins,
 
 407 So.2d 685, 687 (La. 1981)). Under LSA-R.S. 15:529.1(G), defendant’s sentence is to be served without the benefit of probation or suspension of sentence. The Habitual Offender Law does not deprive defendant of parole eligibility. LSA-R.S. 40:967(B)(4)(b) requires that the first two years of defendant’s sentence be served without the benefit of parole, probation, or suspension of sentence. Therefore, the trial court was only authorized to impose the first two years of defendant’s habitual offender sentence without the benefit of parole.
 

 In cases in which the trial court’s sentencing error does not involve the omission of a restrictive term required by statute, but the imposition of limits beyond what the legislature has authorized, an' appellate court should not rely on LSA-R.S. 15:301.1(A) to correct the error as a matter of law, but should correct the sentence pursuant to its authority under LSA-C.Cr.P. art. 882 to correct an illegal sentence “at any time.”
 
 See State v. Green,
 
 04-357, pp. 10-11 (La.App. 5 Cir. 11/16/04), 890 So.2d 6,12. Therefore, we amend defendant’s habitual offender sentence to delete the portion thereof requiring that the entire sentence be served without parole and order that only the first two years of defendant’s sentence are to be served without the benefit of parole.
 

 Finally, we note a discrepancy between the minute entry/commitment and the transcript. In the transcript, the trial judge ordered that the sentence under the multiple bill was without benefits, but the minute entry/commitment does not reflect this. When the transcript and the minute entry conflict, the transcript prevails.
 
 State v. Lynch,
 
 441 So.2d 732 (La.1983). Accordingly, this matter is remanded for the limited purpose of ordering the district court to correct the minute entry/commitment to conform to the transcript and to reflect the amendment of the defendant’s sentence; further, we direct the Clerk of Court to transmit the corrected minute entry to the officer in charge of the institution to which defendant has been sentenced.
 
 See, State ex rel. Roland v. State,
 
 06-0244 (La.9/15/06), 937 So.2d 846.
 

 CONCLUSION
 

 For the foregoing reasons, we affirm defendant’s conviction, affirm his sentence as amended, remand to the trial court for the limited purpose of correcting the minute entry as explained above, and grant appointed counsel’s motion to withdraw.
 

 CONVICTION AFFIRMED; SENTENCE AFFIRMED AS AMENDED; REMANDED WITH INSTRUCTIONS; MOTION TO WITHDRAW GRANTED
 

 [1]
 

 . Although the transcript of defendant’s guilty plea also pertains to defendant's other charges in 24th Judicial District Court case numbers 09-3164, 09-2927, 10-359 and 10-0360, only defendant’s conviction in case number 09-5941 is the subject of this appeal.
 

 [2]
 

 .Defendant filed an untimely
 
 pro se
 
 Motion to Reconsider Sentence, which the trial court denied. While noting that the Motion was untimely filed, the district court correctly found that because defendant had already begun serving his hard labor sentence, it was precluded from amending the sentence under LSA-C.Cr.P. art. 881. The court further noted that LSA-C.Cr.P. art. 881.2(A)(2) provides that a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
 

 [3]
 

 . The procedure set forth in
 
 Benjamin
 
 for compliance with
 
 Anders
 
 was sanctioned by the Louisiana Supreme Court in
 
 State v. Mouton,
 
 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in
 
 State v. Bradford,
 
 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11.
 

 [4]
 

 . The United States Supreme Court most recently reaffirmed its position in
 
 Anders
 
 in
 
 Smith v. Robbins,
 
 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).
 

 [5]
 

 . On March 25, 2011, defendant filed a letter with this Court requesting an extension to file a supplemental brief in this Court. On March 29, 2011, defendant's request for an extension to file a supplemental brief was denied as untimely.
 

 [6]
 

 .
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).